UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SENSIENT FLAVORS LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | 1:08-cv-949-RLY-DML |
| | ) | |
| NATIONAL INSTITUTE FOR | ) | |
| OCCUPATIONAL SAFETY AND | ) | |
| HEALTH, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Defendant, the National Institute for Occupational Safety and Health ("NIOSH"), moves to dismiss this cause of action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, the court **GRANTS** NIOSH's motion.

**I.  Rule 12(b)(1) Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When deciding a Rule 12(b)(1) motion, a court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citing *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993)). The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter

jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (citations omitted). The plaintiff, Sensient Flavors LLC ("Sensient") has the burden of supporting the jurisdictional allegations in its Complaint by competent proof. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). In deciding whether Sensient has met its burden, the court considers the facts as they existed at the time of the filing of the Complaint. *Id.*

**II.     Background**

Sensient is an Indiana company that manufactures and distributes flavor and fragrance systems that are used in, among other things, food and beverages. (Complaint ¶ 6). On March 19, 2008, the union representative for Sensient's production employees at its Indianapolis facility (Teamsters Local 135) submitted a Request for a Health Hazard Evaluation ("HHE") to NIOSH. (*Id.* ¶ 7; Declaration of John Batz ("Batz Dec."), Ex. A). The HHE Request listed as its description of the possible hazard or problem: "(diacetyl) Production workers at risk handling flavoring chemicals/at risk for respiratory problems." (Batz Dec., Ex. A). Diacetyl is a chemical ingredient found in butter flavoring products, including microwave popcorn, that has been linked to a rare and serious lung disease called bronchiolitis obliterans. (Plaintiff's Brief in Support of Temporary Restraining Order at 3).

In response to the Request for a HHE, NIOSH contacted Sensient on April 25, 2008, about inspecting its Indianapolis facility for potentially hazardous exposures. (Complaint ¶ 8). NIOSH and Sensient conferred about the logistics of conducting the inspection, and on May 29 and 30, 2008, NIOSH inspectors, consisting of two industrial

hygenists and two medical doctors, conducted a site visit at Sensient's Indianapolis facility. (Complaint ¶ 10; Betz Dec. ¶ 14).

During the site visit, the NIOSH inspectors toured the plant, took air samples, and interviewed a large number of employees. (*Id*. ¶¶ 14, 15). NIOSH inspectors were informed by employees that it was not a "normal" production day. (Plaintiff's Motion for Temporary Restraining Order, Ex. D). NIOSH inspectors also reviewed the results of the spirometry testing of Sensient employees that Sensient had conducted as part of its respiratory program, and observed pulmonary abnormalities in the employees' medical records. (*Id*. ¶ 15; Plaintiff's Motion for Temporary Restraining Order, Ex. D). For these reasons, among others, on June 10, 2008, NIOSH called Sensient and requested another site visit to continue its HHE. (Plaintiff's Motion for Temporary Restraining Order, Ex. D; Complaint ¶ 17).

NIOSH contacted Sensient by electronic mail and telephone several times between June 10, 2008, and July 8, 2008, regarding the site visit. (Plaintiff's Motion for Temporary Restraining Order, Exs. B, D). On July 8, 2008, NIOSH sent Sensient a letter addressing concerns raised by Sensient regarding the proposed site visit. (*Id*., Exs. C, D). Sensient filed its Complaint for Declaratory Relief and Motion for Temporary Restraining Order or Preliminary Injunction on July 14, 2008.

### III. Discussion

Sensient alleges that the court has jurisdiction under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331. (Complaint ¶ 4). In its

Complaint, Sensient seeks an Order from the court "setting aside and declaring unlawful and/or unconstitutional NIOSH's attempt to conduct a second inspection of Sensient's Indianapolis facility." (*Id.*, Prayer for Relief ¶ A).

### A. Jurisdiction Under the APA

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The APA does not subject to judicial review every act of an agency, but rather limits its waiver of sovereign immunity to review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990). The Supreme Court defined "final agency action" as satisfying the following two conditions:

> First, the action must mark the consummation of the agency's decisionmaking process – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations and quotations omitted). Accordingly, "[t]he core question is whether the agency has completed its decision-

making process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992); *see also Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193 (1985) ("[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual concrete injury . . . ."); *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 243 (1980) (finding no final agency action in issuing FTC complaint because complaint had no legal force or practical effect on the company's daily operations); *Abbs v. Sullivan*, 963 F.2d 918, 925-26 (7th Cir. 1992) (Final agency action . . . "[o]rdinarily means a final order imposing some sort of sanction.").

In the present case, NIOSH conducted one site visit of Sensient's facility and has articulated its desire to conduct a second site visit of Sensient's facility. NIOSH attempted to coordinate a second site visit with Sensient and Sensient filed this action. NIOSH has not completed its investigation of Sensient, nor has it issued its HHE determination. This is not final agency action as defined by applicable case law.

Sensient contends that it is faced with a dilemma between cooperating with NIOSH and consenting to a second site visit or being the subject to an inspection warrant. Sensient's predicament is not enough to confer jurisdiction. The Seventh Circuit has noted that the disruptions arising from administrative enforcement actions "are not enough to make the ordinary judicial rememdy – review of the sanction when and if imposed – inadequate within the meaning of the statute." *Abbs*, 963 F.2d at 926. The

Seventh Circuit also noted that "[a] challenge to administrative action, whether the action is denominated a rule or a complaint, falls outside the grant of jurisdiction in section 10(c) of the Administrative Procedures Act when the only harm the challenger seeks to avert is the inconvenience of having to go through the administrative process before obtaining a definitive declaration of his legal rights."

Sensient's allegations demonstrate the prematurity of its action. Sensient challenges the propriety of a second site visit in light of the evidence gathered during the first site visit. Sensient claims that NIOSH's justification for the second site visit is contrived and in essence argues that NIOSH has not met its burden of showing why it is entitled to a second site visit. Sensient has remedies it may pursue. It may refuse to allow the second site visit and, if NIOSH then obtains an inspection warrant in order to conduct the second site visit, Sensient may challenge that warrant in this court. Thus, at this stage of NIOSH's investigatory process, Sensient has not suffered an injury sufficient to confer jurisdiction to this court under the APA.

Accordingly, and for the additional reasons cited by NIOSH in its Moving and Reply Briefs, the court finds that Sensient cannot establish that there is any "final agency action for which there is no other adequate remedy in a court" that is reviewable under the APA, 5 U.S.C. § 704. The court therefore lacks subject matter jurisdiction under the APA.

### B. Jurisdiction Under 28 U.S.C. § 1331

In its Complaint, Sensient also alleges that 28 U.S.C. § 1331 confers subject matter

jurisdiction over this case pursuant to the Fifth Amendment Due Process Clause. The Due Process Clause generally requires that before a governmental body deprives a person of a constitutionally protected property interest in life, liberty, or property, the governmental body must conduct some type of hearing accompanied by notice and an opportunity to be heard. *Vukadinovich v. Bd. of Sch. Trustees*, 978 F.2d 403, 410 (7th Cir. 1992). The court first considers whether the plaintiff was deprived of a constitutionally protected interest in life, liberty, or property; if so, the court then determines what process was due with respect to that deprivation based on the severity of that deprivation. *Id*.

Here, there has been no constitutional deprivation alleged. Sensient is challenging NIOSH's decision to conduct an HHE and the method by which NIOSH is conducting that evaluation. The HHE is not an adjudicatory proceeding, but is a non-adjudicatory public health inspection; thus, the traditional notions of Fifth Amendment Due Process do not attach. *See Hannah v. Larche*, 363 U.S. 420, 442 (1960) (the Due Process Clause applies "when governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals" but not "when governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted."); *see also Fraternal Order of Police, D.C. v. Rubin*, 26 F.Supp.2d 133, 144-45 (D.D.C. 1998) (no due process rights exist where the agency is exercising a fact-finding function instead of an adjudicatory function).

Sensient contends it may independently pursue its claim under the Due Process

Clause because it is seeking non-monetary relief. Sensient's argument conflates the APA with traditional constitutional jurisprudence. As discussed above, the APA offers a limited waiver of sovereign immunity for courts to review, *inter alia*, final agency action. Where final agency action is lacking, as in this case, there is no independent jurisdiction for claims against the United States – even claims for non-monetary relief – absent some other authority or waiver of sovereign immunity. *See Jaffe v. United States*, 592 F.2d 712, 719 n.10 (3d Cir. 1979) ("Unless sovereign immunity has been waived, it bars equitable as well as legal remedies against the United States."). Accordingly, Sensient's Due Process claim must be dismissed.

**IV.    Conclusion**

Based on the foregoing, the court **GRANTS** NIOSH's Motion to Dismiss (Docket # 17) for lack of subject matter jurisdiction.

**SO ORDERED** this  28th  day of May 2009.

                                                      RICHARD L. YOUNG, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Electronic Copies to:

Paul E. Benson
MICHAEL BEST & FRIEDRICH LLP
pebenson@michaelbest.com

Eric E. Hobbs
MICHAEL BEST & FRIEDRICH LLP
eehobbs@michaelbest.com

Paul F. Linn
MICHAEL BEST & FRIEDRICH LLP
pflinn@michaelbest.com

John R. Schaibley III
BAKER & DANIELS
jrschaib@bakerd.com

Lee M. Seese
MICHAEL BEST & FRIEDRICH LLP
lmseese@michaelbest.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov